## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Flabeg Technical Glass US Corporation : <br> : <br> Plaintiff, : <br> v. : <br> : <br> UNITED STATES OF AMERICA; ROBERT E. : <br> LIGHTHIZER, IN HIS OFFICIAL CAPACITY AS : <br> UNITED STATES TRADE REPRESENTATIVE; : <br> OFFICE OF THE UNITED STATES TRADE : <br> REPRESENTATIVE; MARK A. MORGAN, IN HIS : <br> OFFICIAL CAPACITY AS ACTING : <br> COMMISSIONER OF U.S. CUSTOMS & BORDER : <br> PROTECTION; U.S. CUSTOMS & BORDER : <br> PROTECTION, : <br> : <br> Defendants. : | Court No. 20-00299 |

## COMPLAINT

Flabeg Technical Glass US Corporation, by and through its attorneys Barnes, Richardson & Colburn, LLP, hereby allege the following:

## STATEMENT OF THE CASE

1. This action challenges the imposition of duties on merchandise originating in China allegedly pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411, hereinafter "Section 301." Specifically, Plaintiff alleges that Defendants' imposition and collection of duties on products covered by so-called "List 3" are not authorized under the Act, violate the Administrative Procedure Act and are otherwise contrary to law.

## THE PLAINTIFF

2.      Flabeg Technical Glass US Corporation is an importer of glass and mirrors for automotive and technical applications and related products. The importer entered products that appear on List 3 and paid the corresponding List 3 duties.

## STANDING

3.      Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 2631(i), which provides that "[a]ny civil action of which the Court of International Trade as jurisdiction, other than an action specified in subsections (a)-(h), may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5." Plaintiff paid duties and continues to pay duties as a result of tariffs illegally imposed pursuant to List 3. Plaintiff has, therefore, is a person adversely affected or aggrieved by an agency actions within the meaning of the Administrative Procedures Act. 5 U.S.C. § 702 and 28 U.S.C. § 2631(i).

## JURISDICTION

4.      This action is commenced against the United States, its agencies, or its officers and arises out of a law providing for tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue and the administration and enforcement of that law. As such, the Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(1)(B) and § 1581(i)(1)(D).

## TIMELINESS

5.      An action brought under 28 U.S.C. § 1581(i)(1)(B) it timely if commenced "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

6.      List 3 was published on September 21, 2018 as *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 47,974 (Sept. 21, 2018). The earliest date on which Plaintiff's cause of action as to merchandise imported subject to List 3 may have accrued is the date of publication.  The action is, therefore, timely.

## RELEVANT LAW

7.      19 U.S.C. § 2411(b) and 19 U.S.C. § 2412 authorize the United States Trade Representative ("USTR") to investigate whether a foreign country has engaged in an "unreasonable or discriminatory" practice that burdens or restricts U.S commerce.

8.      Pursuant to 19 U.S.C. § 2411(c)(1)(B), if the investigation reaches an affirmative determination, the USTR may impose duties on imports from the offending country.

9.      Pursuant to 19 U.S.C. § 2414(a)(2)(B), USTR must determine what, if any, action to take within 12 months after the initiation of the investigation.

10.     The USTR may modify or terminate an action taken in furtherance of Section 301 when, among other reasons, the burden or restriction on United States commerce as a result of the acts, policies, or practices have increased or decreased or when the action is no longer appropriate. 19 U.S.C. § 2417(a)(1)(B)-(C).

## RELEVANT FACTS

11.     USTR initiated the investigation into Chinese technology transfer and intellectual property practices on August 18, 2017. *Initiation of Section 301 Investigation; Hearing; and Request for*

*Public Comments: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 82 Fed. Reg. 40,213 (Aug. 24, 2017).

12. On March 28, 2018, USTR published its report announcing the results of its investigation in OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, *Findings of the Investigation Into China's Acts, Policies, And Practices Related to Technology Transfer, Intellectual Property, and Innovation Under Section 301 of The Trade Act of 1974* (Mar. 22, 2018), available at https://ustr.gov/sites/default/files/Section%20301%20FINAL.PDF. The report concludes that the investigated practices of the Chinese government are unreasonable and discriminatory and burden or restrict U.S. commerce. *Id.* at 47.

13. On June 20, 2018, USTR published *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 28,710 (June 20, 2018), imposing an addition 25% *ad valorem* duty on selected products of China. This is the so-called "List 1."

14. On August 16, 2018, USTR published *Notice of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 40,823, 40,823-24 (Aug. 16, 2018), imposing an additional 25% *ad valorem* duty on selected products of China. This is the so-called "List 2."

15. China retaliated to the U.S. action by imposing duties on U.S.-origin goods.

16. In explicit response to China's retaliation and without reference to China's technology transfer, intellectual property, or innovation policies, the USTR proposed to impose duties on additional Chinese-origin products. *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 33,608, 33,609 (July 17, 2018). See also *Statement by U.S. Trade*

*Representative Robert Lighthizer on Section 301 Action* (July 10, 2018), available at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/july/statement-us-trade-representative.

17. Furthermore, public statements by the President indicate the additional duties were tied to the trade imbalance between the United States and China. See., e.g., @realDonaldTrump, TWITTER (July 10, 2018, 9:17 PMEDT),

https://twitter.com/realDonaldTrump/status/1005982266496094209.; @realDonaldTrump, Twitter (July 25, 2018, 7:01 AM EDT),

https://twitter.com/realDonaldTrump/status/1022074252999225344.

18. Citing allegedly illegal retaliation against the United States, on August 1, 2018, USTR announced that it would impose an additional 25% *ad valorem* duty on selected products of China. OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Statement by U.S. Trade Representative Robert Lighthizer on Section 301 Action (Aug. 1, 2018), available at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/august/statement-us-trade-representative.

19. On September 17, 2018, President Trump announced that he had directed USTR to impose 10% additional tariffs on $200 billion of imports from China. THE WHITE HOUSE, *Statement from the President* (Sep. 17, 2018), https://www.whitehouse.gov/briefings-statements/statement-from-the-president-4/. The additional tariffs were explicitly linked to China's decision to "impose new tariffs in an effort to hurt the United States economy."

20. USTR published the next list of affected products subject to the additional duties, so-called "List 3," on September 21, 2018. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed, Reg, 47,974 (Sep. 21, 2018). This publication was more than 12 months after the initiation of the investigation on August 24, 2017.

21. In the Notice, USTR justified the action as a modification of the existing Section 301 action because the burden on United States commerce had continued to increase, *citing* "Section 307(a)(1)(B)," 19 U.S.C. § 2417(a)(1)(B). USTR also stated that Chinese retaliation made the existing action no longer "appropriate," *citing* "Section 307(a)(1)(C)," 19 U.S.C. § 2417(a)(1)(C).

22. On May 17, 2019, USTR announced its intention to proceed with the implementation of Section 301 duties on additional products in what would become so-called "List 4." *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 22,564, 22,564 (May 17, 2019). The rational for List 4 was not China's policies with respect to technology transfer, intellectual property, or innovation. It was to punish China for its failure to meet specific commitments made in prior negotiations and its further retaliation against the U.S. *Id.*

23. On August 20, 2019, USTR announced that it would implement List 4 in two phases. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43,304 (Aug. 20, 2019). USTR again relied on Section 307(a)(1)(B) and (C) for authority to modify its prior action. Nevertheless, the Notice does not identify intellectual property, technology transfer or innovation as the reasons for List 4. Rather, the Notice refers to China's defensive actions including retaliatory tariffs. This publication was more than 12 months after the initiation of the investigation on August 24, 2017.

24. The second phase of List 4 has been suspended and not applied to imported goods. They may, however, be imposed if directed by the President.

## STATEMENT OF CLAIMS

## COUNT 1—DECLARATORY JUDGMENT

25. Paragraphs 1 through 25 above are reincorporated by reference.

26. The Court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

27. USTR failed to base its imposition of Section 301 duties on the Chinese products in List 3 on the acts or policies found in its report of March 28, 2018 to "burden or restrict" U.S. commerce as required by 19 U.S.C. § 2411(b)(1).

28. USTR failed to take action to impose duties on List 3 products from China within the 12-month period required by 19 U.S.C. § 2414(a)(1)(B) and (2)(B).

29. USTR may "modify or terminate" a Section 301 action when the burden on U.S. commerce from the investigated unfair policies or practices investigated increases or decreases. USTR may not increase the duties assessed in furtherance of Section 301 for reasons other than the acts, policies, or practices that were found to burden U.S. Commerce.

30. Section 301 actions may be modified or terminated when no longer appropriate. 19 U.S.C. § 2417(a)(1)(C). This authorization does not permit USTR to increase an existing remedy action. Rather, it is the authorization to decrease, remove, or pause the action.

31. Plaintiff is, therefore, entitled to a declaratory judgment that the duties imposed on products of China covered by List 3 are contrary to law and void *ab initio*.

## COUNT 2—APA VIOLATION

32. Paragraphs 1 through 32 above are reincorporated by reference.

33. The Administrative Procedure Act requires that this Court invalidate any final agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

34. USTR's imposition of List 3 and List 4 duties more than 12 months after the initiation of the investigation is in excess of its statutory authority and is without the observance of procedure required by law.

35. USTR's imposition of List 3 and List 4 duties for reasons other than China's policies relating to technology transfer, intellectual property, and innovation is in excess of statutory authority and is arbitrary, capricious, and abuse of discretion.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and:

1. Declare the imposition and collection of List 3 duties to be contrary to the law and, therefore, in violation of the APA;
2. Vacate the List 3 actions;
3. Order Defendants to refund, with interest as provided by law, all duties paid by Plaintiff in accordance with List 3;
4. Permanently enjoin Defendants from collecting further duties on importations by Plaintiffs of merchandise from China that is included in List 3; and

5. Grant such other relief as may be just.

Dated, September 17, 2020

Respectfully submitted,

*[signature: Meaghan Vander Schaaf]*

Brian F. Walsh

Meaghan E. Vander Schaaf

**BARNES, RICHARDSON & COLBURN, LLP**

303 East Wacker Drive, Suite 305, Chicago IL 60601

*Counsel to Flabeg Technical Glass US Corporation*